IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLOS D. CRESPO, | CASE NO. 1:22-CV-01065-PAB |
| Petitioner, | JUDGE PAMELA A. BARKER |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN MISTY MACKEY,[1] | **REPORT AND RECOMMENDATION** |
| Respondent. | |

Representing himself, Petitioner Carlos D. Crespo filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF #1). The District Court has jurisdiction, and the matters has been referred to me pursuant to Local Civil Rule 72.2 to prepare a Report and Recommendation. (Non-document entry of July 7, 2022). Respondent (hereinafter, the State) filed the Return of Writ (including the state-court record) on February 7, 2023. (ECF #10).[2] Mr. Crespo filed a Traverse to Return of Writ on March 21, 2023.

For the reasons discussed below, I recommend the District Court **DISMISS** Mr. Crespo's petition. I further recommend the District Court **DENY** a certificate of appealability as to all grounds for relief.

---

[1]  Misty Mackey replaced Douglas Fender as Warden of the Lake Erie Correctional Institution, where Mr. Crespo is incarcerated. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Mackey is automatically substituted as the Respondent in this action.

[2]  I also reviewed relevant state-court documents on the Cuyahoga County Court of Common Pleas online docket (available at http://cpdocket.cp.cuyahogacounty.us/). I take judicial notice of the relevant state court records. *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (noting that courts may take judicial notice of state-court records).

1

PROCEDURAL HISTORY

A.   **Factual findings of the Court of Appeals**

The Ohio Court of Appeals, Eighth Appellate District, set forth the facts of this case on direct appeal. These factual findings are presumed correct unless Mr. Crespo rebuts this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The Eighth District determined:

> In July 2016, Crespo pleaded guilty to drug trafficking offenses in two separate cases. In CR-15-600269-A, Crespo pleaded guilty to trafficking in cocaine in violation of R.C. 2925.03(A)(2), a second-degree felony offense, and possession of criminal tools in violation of R.C. 2923.24, a fifth-degree felony offense. The trial court sentenced Crespo to a six-year aggregate term of imprisonment. In CR-15-601495-A, Crespo pleaded guilty to a separate count of trafficking cocaine in violation of R.C. 2923.13(A)(3), a third-degree felony offense. The trial court imposed a nine-year aggregate term of imprisonment. Crespo pleaded guilty to trafficking almost five pounds (over 2200 grams) of cocaine between the two separate cases. To place that quantity in perspective, anything over 100 grams of cocaine is considered the most serious level offense under R.C. 2925.03(C)(4)(g). The aggregate terms of imprisonment from each case are being concurrently served, and Crespo forfeited approximately $58,000 in cash between the two cases. Crespo, initially acting pro se, filed a delayed appeal in CR-15-601495-A, attaching the sentencing entry issued in CR-15-600269-A as the order from which the appeal was taken. That appeal was dismissed upon his motion.

(ECF #10-1 at PageID 397; *see also State v. Crespo*, Nos. 109617 and 109741, 2021 WL 1054103, at *1 (Ohio Ct. App. Mar. 18, 2021)).

B.   **Trial court proceedings**

In CR-15-601495, a Cuyahoga County grand jury indicted Mr. Crespo for trafficking in cocaine with a major drug offender specification and forfeiture specifications for a gun, a digital scale, money, and a ballistic vest; possession of cocaine with a major drug offender specification and forfeiture specifications for a gun, a digital scale, money, and a ballistic vest; having weapons under disability with forfeiture specifications for a weapon and a ballistic vest; and possessing

2

criminal tools with forfeiture specifications for a gun, a digital scale, money, and a ballistic vest. (ECF #10-1 at PageID 104-08). Mr. Crespo, through appointed counsel, pled not guilty to all charges. (*Id.* at PageID 111, 493).

In CR-15-600269, a Cuyahoga County grand jury indicted Mr. Crespo for trafficking in cocaine, possession of cocaine, and possessing criminal tools, each containing forfeiture specifications for money, cell phones, and a digital scale. (*Id.* at PageID 93-96). Mr. Crespo, through appointed counsel, pled not guilty to all charges. (*Id.* at PageID 98, 501).

On January 4, 2016, Mr. Crespo, through appointed counsel, filed a motion to suppress claiming his arrest was the result of a pretextual traffic stop and an illegal detention, during which detectives searched his vehicle and found contraband and money.[3] He also claimed detectives searched his home without a warrant.[4]

On January 26, 2016, Mr. Crespo, through appointed counsel, moved to consolidate the two criminal cases. On January 27, 2016, newly retained counsel entered his appearance in both cases. (ECF #10-1 at PageID 492, 500). On February 22, 2016, Mr. Crespo, through retained counsel, filed an identical motion to suppress, except this motion claimed detectives searched his home on a stale warrant.[5] The motions to suppress were not litigated.

On April 4, 2016, at the prosecutor's recommendation in CR-15-601495, the trial court deleted the major drug offender specification to the trafficking count. (ECF #10-1 at PageID 113). Mr. Crespo then pled guilty to the amended count of trafficking in cocaine, having weapons while under disability, and possessing criminal tools, and to the accompanying forfeiture specifications.

---

[3] Information publicly available at https://cpdocket.cp.cuyahogacounty.us/.
[4] *Id.*
[5] *Id.*

3

(*Id.*). The trial court dismissed the charge for possession of cocaine. (*Id.*). In CR-15-600269, Mr. Crespo pled guilty to trafficking in cocaine, possessing criminal tools, and the accompanying forfeiture specifications. (*Id.* at PageID 100). The trial court dismissed the charge for possession of cocaine. (*Id.*).

On July 27, 2016, the trial court sentenced Mr. Crespo to nine years' imprisonment in CR-15-601495 and six years' imprisonment in CR-15-600269, those terms to be served concurrently. (*Id.* at PageID 102, 115).

**C.     Direct appeal**

On October 13, 2016, Mr. Crespo, representing himself, filed a notice of appeal from the judgment in CR-15-601495, a motion for leave to file a delayed appeal, and an affidavit explaining his untimely submission. (ECF #10-1 at PageID 118-20, 127-31, 133-34). In the affidavit, Mr. Crespo stated neither the trial court nor his trial counsel explained his right to appeal. (*Id.* at PageID 133). Mr. Crespo attached a copy of the judgment in CR-15-600269. (*Id.* at PageID 121). On November 4, 2016, the Eighth District granted Mr. Crespo's motion for leave to file a delayed appeal. (*Id.* at PageID 142).

On January 13, 2017, Mr. Crespo, through counsel, moved to voluntarily dismiss the appeal pursuant to Rule 28 of the Ohio Rules of Appellate Procedure. (*Id.* at PageID 146). The Eighth District granted the motion on January 17, 2017. (*Id.* at PageID 149).

**D.     Motion to Withdraw Guilty Plea and Petition for Post-Conviction Relief**

More than two years later, on March 15, 2019, Mr. Crespo, through counsel, moved to withdraw his guilty pleas in both cases. (ECF #10-1 at PageID 151-70). He claimed his plea was not knowing, intelligent, and voluntary because his trial counsel was constitutionally ineffective. (*Id.* at

4

PageID 155). Mr. Crespo alleged his trial counsel failed to litigate a motion to suppress, did not investigate the facts of the case, did not interview two key witnesses who "support the facts of the illegal search of [his] home," and coerced him with threats and misinformation to secure his guilty plea. (*Id.* at PageID 155, 164, 166). According to Mr. Crespo, his trial counsel did not litigate the motion to suppress or prepare for trial; instead, he "constantly kept pressuring" Mr. Crespo to accept the plea offer or the trial court would impose consecutive sentences for an aggregate total of 21 years' imprisonment. (*Id.* at PageID 168). Mr. Crespo also filed a petition to vacate or set aside the judgment of conviction based on his trial counsel's ineffectiveness. (*Id.* at PageID 225-45). The trial court denied the post-conviction petition on February 20, 2020, and the motion to withdraw the guilty plea on April 24, 2020. (*Id.* at PageID 222, 282).

On March 19, 2020, Mr. Crespo, representing himself, appealed the denial of his post-conviction petition. (*Id.* at PageID 286-91). He asserted two assignments of error: (1) the trial court abused its discretion when it denied his post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and (2) the trial court erred in denying his post-conviction petition where sufficient evidence dehors the record was presented to merit an evidentiary hearing. (*Id.* at PageID 301-02). Both claims were rooted in the same ineffective assistance of counsel claims Mr. Crespo presented to the trial court. (*Compare id.* at PageID 309-15, 318 *with id.* at PageID 155-70, 225-45). On May 22, 2020, Mr. Crespo, representing himself, appealed the denial of the motion to withdraw the guilty plea and asserted the same assignments of error. (*Id.* at PageID 346-49, 370). On July 17, 2020, the Eighth District granted Mr. Crespo's motion to consolidate the appeals. (*Id.* at PageID 362). On March 18, 2021,

5

the Eighth District affirmed the trial court's denial of the motion to withdraw the guilty plea and the post-conviction petition. (*Id.* at PageID 396-407).

On April 30, 2021, Mr. Crespo, representing himself, appealed to the Supreme Court of Ohio. (*Id.* at PageID 413-28). He raised two propositions of law: (1) the trial court abused its discretion when it denied his post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and (2) the trial court abused its discretion when it denied his post-sentence motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (*Id.* at Page ID 417, 422). In support of both propositions, Mr. Crespo reiterated his ineffective assistance of counsel claims. (*Id.* at PageID 419-20, 426-28). On June 22, 2021, the Supreme Court of Ohio declined jurisdiction of the appeal. (*Id.* at PageID 445).

## FEDERAL HABEAS PETITION

On June 17, 2022, representing himself, Mr. Crespo filed his habeas petition in this Court, advancing two grounds for relief, as follows:

> **Ground One**: The trial court abused its discretion when it denied Appellant's post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> **Ground Two**: The trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim.R. 32.1) in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(ECF #1 at PageID 21-32).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Crespo's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA recognizes

6

that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citation and quotation omitted). Accordingly, an application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

Under federal law, "a determination of a factual issue made by a State court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1). Comity principles also require federal courts to defer to a state's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-129 (1982). Federal courts must accept a state court's interpretation of its statutes and rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022) (describing habeas as an "extraordinary remedy, reserved for

only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal") (cleaned up). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

**BARRIERS TO FEDERAL HABEAS REVIEW**

The District Court will not have jurisdiction over a petitioner's claims for purposes of habeas corpus review if the claims do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F.App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process."). Moreover, merely asserting that an error of state law error violates the Federal Constitution is not sufficient to justify jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial.") (internal quotation omitted); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (internal citation omitted).

Nonetheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very

8

narrowly," and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (cleaned up). "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (stating that a federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure). The habeas petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

## DISCUSSION

In his petition, Mr. Crespo alleges the trial court abused its discretion in denying his post-conviction petition and the motion to withdraw the guilty plea. (ECF #1 at PageID 21, 26). The State argues the petition must be dismissed because, among other reasons, these claims are not cognizable on federal habeas review. (ECF #10 at PageID 67-68).

**I.     Claims of state-court error in assessing post-conviction pleadings are not cognizable in federal habeas review.**

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody for violations of federal law, not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Accordingly, to the extent Mr. Crespo alleges the trial court erred in rulings on matters governed by Ohio law, his claims are not cognizable in this proceeding. *See Dickey v. Warden, Lebanon Corr.*

9

*Inst.*, No. 1:08-cv-819, 2010 WL 92510, at *1 (S.D. Ohio Jan. 6, 2010) ("the decision to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief"). Moreover, the scope of the federal writ of habeas corpus does not reach second-tier complaints about deficiencies in state post-conviction proceedings. In *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007), the Sixth Circuit analyzed a petitioner's challenge to the validity of the state court's conduct during his post-conviction litigation and held:

> [T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2022). We have clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.'" *Kirby,* 794 F.2d at 246 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)); *see also Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well. (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] … release or a reduction in … time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention. *Kirby,* 794 F.2d at 247. "Though the *ultimate* goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] … is not in any way related to the confinement. *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings cannot provide a basis for federal habeas relief" (citing *Kirby,* 794 F.2d at 247)); *Greer v. Mitchell,* 624 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Id.* at 853 (emphasis and alterations in original).

As in *Cress,* Mr. Crespo's claims challenge state post-conviction proceedings, believing the trial court erred in failing to hold a hearing on his motion to withdraw the guilty plea (ECF #1 at PageID 29) and on his post-conviction petition (ECF #11 at PageID 567). Although Mr. Crespo recounted the ineffective assistance of counsel claims he made to the trial court, the posture of his habeas claims is firmly rooted in state-law claims alleging the trial court abused its discretion in denying his post-conviction pleadings. Even if Mr. Crespo can demonstrate that some error occurred during state post-conviction proceedings, the claims are not cognizable on federal habeas review. *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002) (holding that the habeas petitioner's claim that he was "deprived . . . of a full and fair hearing in the appellate review of his post-conviction claims" was not a cognizable ground for federal habeas relief) (citing *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986)). Therefore, I recommend the District Court **DISMISS** the petition for failing to state a claim on which federal habeas relief may be granted.

II. **Even if his claims were cognizable, Mr. Crespo's petition is untimely and not saved by any exception to the one-year statute of limitation.**

Even if Mr. Crespo pursued his ineffective assistance of counsel claims after the trial court denied his post-conviction motions rather than reformulate the claims to assert state-law abuse of discretion errors, or if I liberally construed his federal habeas petition as asserting constitutional claims of ineffective assistance of counsel, Mr. Crespo still could not prevail because those claims would be time-barred under AEDPA. AEDPA establishes a one-year statute of limitations applicable to petitions for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d).

AEDPA's statute-of-limitations period runs from the latest of four dates:

11

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's strict filing deadlines promote the finality of convictions and curb dilatory tactics. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A state-court judgment becomes "final" on direct review for purposes of § 2241(d)(1)(A) when the time for pursuing direct review in state court or the United States Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Here, the Eighth District granted Mr. Crespo's voluntary dismissal of his direct appeal on January 17, 2017. (ECF #10-1 at PageID 149). Analyzed under § 2244(d)(1)(A), Mr. Crespo's convictions became final on that date. *Craddock v. Mohr*, 215 F.3d 1325 (6th Cir. 2000) ("It is undisputed that Craddock's convictions became final in April 1993 when the Ohio Court of Appeals granted his motion to voluntarily dismiss his direct criminal appeal."). The next day, the one-year limitations period started and ran until its expiration on January 18, 2018. Mr. Crespo filed his petition in this Court on June 17, 2022, almost four years after the deadline expired. Therefore, unless tolling or the actual innocence exception apply, Mr. Crespo's petition is time-barred.

A.     **Statutory tolling does not apply.**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim remains pending. A post-conviction petition that is untimely under state law is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). An application is "'filed,' . . . when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," but "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including time limits for its delivery. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

Neither the post-conviction petition nor the motion to withdraw the guilty plea toll the limitations period. Mr. Crespo filed those pleadings on March 15, 2019, more than a year after the limitations period expired in January 2018. Tolling pauses a clock that has not yet fully run; it does not "revive the limitations period" or "restart the clock." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Therefore, statutory tolling does not save Mr. Crespo's untimely petition.

B.     **Equitable tolling does not apply.**

AEDPA's statute of limitations is not "an inflexible rule requiring dismissal whenever its clock has run;" rather, it is "subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645-46, 649 (2010) (internal quotations omitted). A habeas petitioner is entitled to equitable tolling if he shows (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649.

13

Mr. Crespo has not asserted facts that would, if true, entitle him to equitable tolling. After voluntarily dismissing his direct appeal, Mr. Crespo waited more than a year after AEDPA's limitation period expired to file his post-conviction pleadings. Further, he waited almost a full year after review of his post-conviction pleadings was completed to file his federal habeas motion here. Under these facts, Mr. Crespo is not entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (finding petitioner did not diligently pursue his rights where petitioner offered no reason for waiting eleven months before filing his federal petition); *see also Martin v. Hurley*, 150 F.App'x 513, 516-17 (6th Cir. 2005) (same where petitioner simply asserted he made a diligent attempt to pursue his claims but offered no reason for his delay in bringing his habeas petition). As such, the petition remains untimely.

C. **The actual innocence exception does not apply.**

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held that a petitioner who asserts a credible claim of actual innocence can "avoid a procedural bar to the consideration of the merits of his constitutional claims." *Id.* at 327. Based on *Schlup*, the Sixth Circuit has held a petitioner who presents a credible claim of actual innocence is entitled to equitable tolling of AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005) ("where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims"). The exception is rare and only applied in extraordinary cases. *See Schlup*, 513 U.S. at 321; *see also Souter*, 395 F.3d at 590.

14

To demonstrate a credible claim for actual innocence justifying consideration of a time-barred habeas claim, a petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 531 U.S. at 316. The threshold inquiry is whether "new facts raise sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial." *Id.* at 317. The petitioner's evidence must include "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Although the examples of new evidence cited in *Schlup* "were not meant to be an exhaustive list of everything upon which an actual innocence claim may be based," *Souter*, 395 F.3d at 595 n.8, "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). Importantly, "actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

If a petitioner presents new reliable evidence to support a credible claim of actual innocence, the federal court must consider the fully developed record and the new evidence. *Schlup*, 531 U.S. at 329. "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *House*, 547 U.S. at 538 (quoting *Schlup*, 531 U.S. at 329). After reviewing all the evidence, if "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," the petitioner is entitled to a review of the merits of his underlying constitutional claim. *Schlup*, 531 U.S. at 327.

15

Mr. Crespo claims actual innocence to support equitable tolling but does not indicate what new, material evidence supports his innocence (*See* ECF #11 at PageID 559-63) and my independent review of the record fails to disclose any. Because Mr. Crespo has not presented any evidence supporting his claim, he cannot satisfy the demanding standard necessary to support equitable tolling of his untimely petition.

\* \* \*

Because statutory tolling, equitable tolling, and the actual innocence exception do not apply, Mr. Crespo's petition is time-barred and cannot be considered.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Id*. A showing that the appeal would succeed on the claim is not required to grant a COA. *Miller-El*, 537 U.S. at 337.

16

Mr. Crespo has made not substantial showing of the denial of any constitutional right. Jurists of reason would not find it debatable whether the grounds for relief are valid claims of the denial of constitutional rights. Therefore, I recommend the District Court **DENY** Mr. Crespo a COA.

### CONCLUSION AND RECOMMENDATION

Mr. Crespo's petition asserts claims that are not cognizable on federal habeas review. In the alternative, under a liberal construction of his petition, Mr. Crespo's underlying claims of ineffective assistance of counsel are time-barred. For these reasons, I recommend the District Court **DISMISS** the habeas petition and **DENY** a Certificate of Appealability as to each ground for relief.

Dated: August 28, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the

arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).