## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Carlos D. Crespo,** | | **Case No. 1:22-cv-1065** |
| | **Petitioner,** | |
| -vs- | | **JUDGE PAMELA A. BARKER** |
| | | **Magistrate Judge Darrell A. Clay** |
| **Douglas Fender,**[1] **Warden,** | | |
| | **Respondent** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation of Magistrate Judge Darrell A. Clay (Doc. No. 12), which recommends that Petitioner Carlos D. Crespo's ("Petitioner" or "Crespo") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner has filed Objections to the R&R. (Doc. No. 13.) For the following reasons, Petitioner's Objections (Doc. No. 13) are OVERRULED, the Report & Recommendation (Doc. No. 12) is ADOPTED as set forth herein, and the Petition (Doc. No. 1) is DENIED.

## I.    Summary of Facts

Crespo's habeas petition challenges the constitutionality of his guilty plea and sentence for drug trafficking, possessing criminal tools, and having a weapon under disability in the case of *State v. Crespo*, Cuyahoga County Court of Common Pleas Case Nos. CR-15-601495, CR-15-600269.[2] The state appellate court set forth the facts regarding Crespo's conviction as follows:

---

[1] Misty Mackey replaced Douglas Fender as Warden of the Lake Erie Correctional Institution, where Crespo is incarcerated.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Mackey is automatically substituted as the Respondent in this action.

[2] Crespo was charged under two different case numbers in relation to his case.  In his Objections, Crespo asserts that the same act was improperly charged as two different crimes.  (Doc. No. 13 at PageID #611.)  However, Crespo raises this

> In July 2016, Crespo pleaded guilty to drug trafficking offenses in two separate cases. In CR-15-600269-A, Crespo pleaded guilty to trafficking in cocaine in violation of R.C. 2925.03(A)(2), a second-degree felony offense, and possession of criminal tools in violation of R.C. 2923.24, a fifth-degree felony offense.  The trial court sentenced Crespo to a six-year aggregate term of imprisonment.  In CR-15-601495-A, Crespo pleaded guilty to a separate count of trafficking cocaine in violation of R.C. 2925.03(A)(2), a first-degree felony offense, and having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony offense.  The trial court imposed a nine-year aggregate term of imprisonment.  Crespo pleaded guilty to trafficking almost five pounds (over 2200 grams) of cocaine between the two separate cases.  To place that quantity in perspective, anything over 100 grams of cocaine is considered the most serious level offense under R.C. 2925.03(C)(4)(g).  The aggregate terms of imprisonment from each case are being concurrently served, and Crespo forfeited approximately $58,000 in cash between the two cases.  Crespo, initially acting pro se, filed a delayed appeal in CR-15-601495-A, attaching the sentencing entry issued in CR-15-600269-A as the order from which the appeal was taken.  8th Dist. Cuyahoga No. 105072.  That appeal was dismissed upon his motion.

*State v. Crespo,* 2021-Ohio-848, ¶ 2, 2021 WL 1054103, *1 (8th Dist. Mar. 18, 2021).

## II.      Relevant Procedural History[3]

### A.       Trial Court Proceedings

In October 2015, a Cuyahoga County Grand Jury indicted Crespo in Case No. CR-15-600269-A on the following three counts: (1) trafficking in violation of Ohio Rev. Code § 2925.03(A)(2); (2) drug possession in violation of Ohio Rev. Code § 2925.11(A); and (3) possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A).  (Doc. No. 10-1 at PageID #93–96.)  In November 2015, a Cuyahoga County Grand Jury indicted Crespo in Case No. CR-15-601495-A on the following four

---

for the first time in his Objections, and it is well-established that a habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge.  *See e.g., Crockett v. Sloan,* 2017 WL 1050364, at *3 (N.D. Ohio Mar. 20, 2017) ("Petitioner cannot raise new claims or arguments in an objection when those claims or arguments were never presented to the magistrate judge."); *Thompson v. Hooks,* 2016 WL 8674655, at *2 (N.D. Ohio Sept. 30, 2016); *Roark v. Meko,* 2013 WL 3107654, at *3 (E.D. Ky. June 17, 2013).

[3] The Court's recitation of the relevant procedural history is not intended to be exhaustive.  Rather, the Court will set forth only that procedural history necessary to a resolution of the pending Objections.

counts: (1) trafficking in violation of Ohio Rev. Code § 2925.03(A)(2) (Count One); (2) drug possession in violation of Ohio Rev. Code § 2925.11(A) (Count Two); (3) having weapons under disability in violation of Ohio Rev. Code § 2923.13(A)(3); and (4) possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A). (*Id.* at PageID #104–08.) Crespo, through appointed counsel, pled not guilty to all charges. (*Id.* at PageID #98, 111, 493, 501.)

On January 4, 2016, Crespo, through appointed counsel, filed a motion to suppress in each case.[4] Crespo argued that his arrest was predicated on a pretextual traffic stop in which he was illegally detained, and that during the illegal stop, detectives conducted a search that revealed contraband and U.S. Currency.[5] Crespo further asserted that his house keys were seized during the illegal stop, and that the detectives illegally invaded his home and searched the premises without a warrant, discovering additional contraband and U.S. Currency.[6]

On January 26, 2016, Crespo moved to consolidate the two criminal cases. (Doc. No. 10-1 at PageID #500.) On January 27, 2016, newly retained counsel entered an appearance in both cases. (*Id.* at PageID #492, 500.) On February 22, 2016, Crespo, through his new counsel, filed an identical motion to suppress in Case No. CR-15-601495-A as the previously filed suppression motions, except that the new motion also included arguments that the search warrant for Crespo's home was stale and

---

[4] Crespo's motions to suppress can be found on the Cuyahoga County Common Pleas Court public docket: https://cpdocket.cp.cuyahogacounty.us. The Court shall refer to the Cuyahoga County Common Pleas Court public docket as "State Docket" for citation purposes. Crespo filed identical motions to suppress in both Case Nos. CR-15-600269-A and CR-15-601495-A. *See* CR-15-600269-A State Docket at 1/4/2016 Entry; CR-15-601495-A State Docket at 1/4/2016 Entry.

[5] *Id.*

[6] *Id.*

devoid of particularity.[7]  That same day, Crespo also filed a new motion to suppress in Case No. CR-15-600269-A, raising similar arguments challenging the constitutionality of Crespo's search and seizure.[8]  The trial court did not rule on Crespo's motions to suppress prior to his guilty plea.  (Doc. No. 10-1 at PageID #488–94, 496–501.)

On April 4, 2016, the state trial court conducted a hearing, at which Crespo retracted his former pleas of not guilty and entered guilty pleas.  (Doc. No. 10-2 at Tr. 1.)  Specifically, at the prosecutor's recommendation in CR-15-601495-A, the trial court deleted the major drug offender specification to Crespo's trafficking count.  (Doc. No. 10-1 at PageID #113.)  Crespo then retracted his former plea of not guilty and pled guilty to the amended count of trafficking, having weapons while under disability, and possessing criminal tools, and to the accompanying forfeiture specifications.  (*Id.*)  The charge for possession of cocaine was dismissed.  (*Id.*)  Similarly, in CR-15-600269, Crespo pled guilty to trafficking, possessing criminal tools, and the accompanying forfeiture specifications.  (*Id.* at PageID #100.)  Again, the charge for possession of cocaine was dismissed.  (*Id.*)

During the hearing on April 4, 2016, the state trial court identified the specific counts to which Crespo was pleading guilty and asked Crespo a series of questions, including the following:

| | |
|---|---|
| THE COURT: | Have any threats or promises been made to you to induce you to change your plea? |
| CRESPO: | No. |
| THE COURT: | Do you understand that you know this recommended plea is just that, just a recommended sentencing option to the court?  Do you understand that? |

---

[7] *See* CR-15-601495-A State Docket at 2/22/2016 Entry.

[8] *See* CR-15-600269-A State Docket at 2/22/2016 Entry.

4

CRESPO:                Yes.

THE COURT:       The court retains all of its discretion to either deviate from that upward or downwards.  Do you understand?

CRESPO:                Yes.

THE COURT:       Are you satisfied with the services of your lawyer, Mr. Williams?

CRESPO:                Yes, sir.

\*\*\*

THE COURT:       Do you understand that you have the right to a trial in each case, your choice of either jury trial or to the court, at which time the state must prove you guilty, and that you're giving up that right?

CRESPO:                Yes.

\*\*\*

**THE COURT:**       **This also involves a mandatory sentence.  And the mandatory sentence is between three and eleven years.  Any sentence I impose between those ranges is the mandatory time.  So if I give you ten years, that's the mandatory time.  If I give you eleven years, that's the mandatory time.  Do you understand that?**

**CRESPO:**                **Yes.**

\*\*\*

THE COURT:       And also during the mandatory sentence you're not eligible for any judicial release or community control.  Do you understand that?

CRESPO:                Yes.

\*\*\*

| | |
|---|---|
| THE COURT: | And again, the mandatory provisions still applies to the felony of the first degree, where you're not eligible for any judicial release, community control, or earned days of credit during that portion of the term.  Do you understand? |
| CRESPO: | Yes. |

***

| | |
|---|---|
| THE COURT: | Have any threats or promises been made to you other than what has been stated in open court and on the record today? |
| CRESPO: | No. |
| THE COURT: | Do you understand that there's no promise of a particular sentence? |
| CRESPO: | Yes. |

(Doc. No. 10-2 at Tr. 10–12, 17–19, 23) (emphasis added).

On July 27, 2016, the state trial court conducted a sentencing hearing, where Crespo was sentenced to nine years' imprisonment in CR-15-601495-A and six years' imprisonment in CR-15-600269, those terms to be served concurrently.  (*Id.* at Tr. 30; Doc. No. 10-1 at PageID #102, 115.) During the sentencing hearing, the state trial court reiterated the mandatory provisions, including the following:[9]

| | |
|---|---|
| THE COURT: | On a previous day in Court, the defendant pled guilty to drug trafficking in violation of Revised Code section 2925.03.  This is a felony of the 1st Degree in this case.  That's punishable by a time of incarceration in prison in annual increments between 3 and 11 years inclusive and/or fines up to $20,000, together with a six month up to five year driver's license suspension. |
| | **This is also a mandatory sentence.  That means any sentence I impose between 3 and 11 years inclusive is a mandatory sentence** |

---

[9] Because Crespo's sentences are running concurrently, and to avoid redundancy, the Court cites only to the portion of the sentencing hearing involving the nine-year mandatory sentence—the longest sentence that Crespo received.

**that must be served day for day.**  There's no offset for any judicial release or earned days of credit.

\*\*\*

THE COURT:  In Case No. 601495, the Felony of the 1st Degree, he'll receive nine years mandatory time.  There will be no judicial release, no earned days of credit.  He'll receive five years of mandatory post-release control.

(Doc. No. 10-2 at Tr. 32, 40) (emphasis added).

**B.  Direct Appeal**

On October 13, 2016, Mr. Crespo, acting *pro se*, filed a notice of appeal from the judgment in CR-15-601495-A, a motion for leave to file a delayed appeal, and an affidavit explaining his untimely submission.  (Doc. No. 10-1 at PageID #118–20, 127–31, 133–34.)  In his affidavit, Crespo asserted that neither the trial court nor his trial counsel explained his right to appeal.  (*Id.* at PageID #133.)  On November 4, 2016, the Ohio Court of Appeals for the Eighth District (hereinafter "state appellate court") granted Crespo's motion for leave to file a delayed appeal.  (*Id.* at PageID #142.)

On January 13, 2017, Crespo, through counsel, moved to voluntarily dismiss the appeal pursuant to Rule 28 of the Ohio Rules of Appellate Procedure.  (*Id.* at PageID #146.)  On January 17, 2017, the state appellate court granted Crespo's motion to voluntarily dismiss his appeal.  (*Id.* at PageID #149.)

**C.  Motion to Withdraw Guilty Plea and Petition for Post-Conviction Relief**

On March 15, 2019, more than two years later, Crespo, through counsel, moved to withdraw his guilty plea in both cases.  (*Id.* at PageID #151–70.)  That same day, Crespo also filed a state post-conviction petition to vacate or set aside the judgment of conviction or sentence based on his trial counsel's ineffectiveness and requested an evidentiary hearing.  (*Id.* at PageID #225–45.)  Crespo contended that his plea was not made knowingly, voluntarily, or intelligently because his trial counsel

7

was constitutionally ineffective.  (*Id.* at PageID #155.)  Specifically, Crespo asserted that his trial counsel failed to litigate any motions to suppress, did not investigate the facts of the case, did not interview two key eyewitnesses who "support[] the facts of the illegal search of [his] home," and coerced him with threats and misinformation to secure his guilty plea.  (*Id.* at PageID #155, 164, 166.) Crespo claimed that his trial counsel did not litigate suppression motions or prepare for trial, and instead "constantly kept pressuring" him to plead guilty, informing him that the trial court would otherwise impose consecutive sentences of 21 years' imprisonment.  (*Id.* at PageID #168.)

On February 20, 2020, the trial court denied Crespo's state post-conviction petition.  (*Id.* at PageID #282.)  On March 19, 2020, Crespo filed a *pro se* notice of appeal of the denial of his post-conviction petition.  (*Id.* at PageID #286–91.)  On April 24, 2020, the trial court also denied Crespo's motion to withdraw his guilty plea.  (*Id.* at PageID #222–23.)  On May 22, 2020, Crespo filed a *pro se* notice of appeal of the denial of his motion to withdraw his guilty plea.  (*Id.* at PageID #346–49.)

In appealing the denials of his post-conviction petition and motion to withdraw his guilty plea, Crespo asserted two assignments of error: (1) the trial court abused its discretion when it denied his post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and (2) the trial court erred in denying his post-conviction relief petition where he "presented sufficient evidence dehors the record to merit an evidentiary hearing [sic]."  (*Id.* at PageID #301–02.)  Both assignments of error were rooted in the same ineffective assistance of counsel claims that Crespo presented to the trial court. (*Compare id.* at PageID #309–15, 318, *with id.* at PageID # 155–70, 225–45.)

On March 18, 2021, the state appellate court affirmed the trial court's denial of Crespo's motion to withdraw the guilty plea and state post-conviction petition.  (Doc. No. 10-1 at PageID

#396–407.)  On April 30, 2021, Crespo, acting *pro se*, appealed to the Supreme Court of Ohio.  (Doc. No. 10-1 at PageID #413–28.)  Crespo reiterated his ineffective assistance of counsel claims and submitted that the trial court erred in denying his state post-conviction petition and motion to withdraw his guilty plea.  (*Id.*)  On June 22, 2021, the Supreme Court of Ohio declined jurisdiction of the appeal.  (Doc. No. 10-1 at PageID #445.)

> **D.  Federal Court Proceedings**

On June 17, 2022, Crespo filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") in this Court.  (Doc. No. 1.)  Therein, he asserts the following two grounds for relief:

> **Ground One**: The trial court abused its discretion when it denied Appellant's post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

> **Ground Two**: The trial court abused its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea (Crim. R. 32.1) in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. No. 1-1 at PageID #21–34.)  Crespo requests that the Court grant his Petition or hold an evidentiary hearing to present evidence in person.  (Doc. No. 1-1 at PageID #34.)  On February 7, 2023, Respondent filed a Return of Writ, along with the state court record.  (Doc. Nos. 10, 10-1 through 10-2.)  On March 21, 2023, Crespo, acting *pro se*, filed his Traverse.  (Doc. No. 11.)

On August 28, 2024, the Magistrate Judge issued a Report & Recommendation ("R&R") in which he recommended that Crespo's Petition be denied.  (Doc. No. 12.)  On September 12, 2024, Crespo filed his *pro se* Objections to the R&R.  (Doc. No. 13.)  Respondent did not file a Response to Crespo's Objections.  Accordingly, Crespo's Petition is ripe for review.

## III.  Standard of Review

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

## IV.    Analysis

### A.    Cognizable Claim

As a preliminary matter, the Court first turns to whether Crespo has asserted cognizable claims for federal habeas review. Crespo's Petition asserts that the trial court abused its discretion in two regards: (1) denying his post-conviction petition; and (2) denying his motion to withdraw his guilty plea. (Doc. No. 1 at PageID #21, 26.)

Ground One of Crespo's Petition asserts that the trial court abused its discretion when it denied his post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (*Id.* at PageID #21.) In support of this claim, Crespo contends that he was denied effective assistance of counsel during both the plea negotiation and trial preparation stages, and that his counsel was only concerned with getting him to accept the State's plea offer. (*Id.* at PageID #23.) Respondent asserts that Crespo's Petition fails because the writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-

10

conviction proceedings. (Doc. No. 10 at PageID #63–64.) Rather, Respondent contends that such claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration, and therefore preclude federal habeas review. (*Id.* at PageID #63–64, 67–69.) In his Traverse and Objections, Crespo responds that he does in-fact assert a constitutional issue in challenging that his due process rights were violated by his trial counsel's ineffectiveness. (Doc. No. 11 at PageID #559; Doc. No. 13 at PageID #602.)

Ground Two of Crespo's Petition asserts that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. (Doc. No. 1 at PageID #26.) Like Ground One, Crespo premises his arguments on his trial counsel's alleged failures. Specifically, Crespo contends that his trial counsel informed him that if he accepted the State's plea offer, he would receive a nine-year *non-mandatory* sentence, when in-fact, he received a nine-year *mandatory* sentence. (Doc. No. 1 at PageID #32–33.) Thus, Crespo asserts that his plea was not knowingly or intelligently made because it was based on misinformation, thereby invalidating his plea. (*Id.*) Crespo also argues that he was coerced into the plea agreement because his attorney informed him that he would receive a sentence between twenty-one and twenty-seven years if he did not accept the plea. (*Id.*) Finally, Crespo asserts that his trial counsel was ineffective in numerous respects, including that he did not litigate Crespo's motions to suppress. (*Id.* at PageID #33–34; Doc. No. 13 at PageID #607–10.) Respondent responds with the same arguments it raised as to Ground One regarding the failure to present cognizable claims for federal habeas review. (Doc. No. 10 at PageID #63–64, 67–69.) Crespo again replies by contending that he has raised claims of ineffective assistance of counsel. (Doc. No. 13 at PageID #606–10.)

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus" and must be dismissed on that basis unless the state court's state-law ruling violates a federal constitutional right. *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen*, 845 F.2d at 614 (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Further, a petitioner may not convert a claim asserting state law error into a constitutional claim merely by alleging that the failure to follow a state rule violated his due process rights. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial."); *see also Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted). Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67–68); *see also Allen*, 845 F.2d at 614

(stating that a federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure).

Nonetheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very narrowly," and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey*, 500 F.3d at 521 (cleaned up). The habeas petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Id.*

"[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing cases). More specifically, "claims challenging state collateral post-conviction proceedings cannot be brought under … 28 U.S.C. § 2254 because the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Id.* (citing *Kirby v. Dutton*, 794 F.2d 245, 246–47 (6th Cir. 1986)) (alterations omitted). Thus, the scope of federal habeas corpus review "does not reach this second tier of complaints about deficiencies in state post-conviction proceedings" because "the writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (alterations omitted); *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) (noting that error committed during state post-conviction proceedings cannot provide a basis for federal habeas relief); *Greer v. Mitchell*, 264 F.2d 663, 681

13

(6th Cir. 2001) (affirming district court's conclusion that "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

In this case, the two enumerated grounds for Crespo's Petition are directed at the trial court's denial of his state post-conviction petition and motion to withdraw his guilty plea. (Doc. No. 1 at PageID #21, 26.) Standing alone, these collateral attacks do not provide a sufficient basis for federal habeas review because they challenge errors in his state post-conviction proceedings rather than the legality of his custody. *See Cress*, 484 F.3d at 853; *Kirby*, 794 F.2d at 246–47. Accordingly, the Court rejects Crespo's challenges to the trial court's denial of his state post-conviction petition and motion to withdraw his guilty plea because they are not cognizable claims.

Nevertheless, although not explicitly referenced as a "ground for relief," Crespo also spends considerable efforts addressing his trial counsel's alleged failures. (Doc. No. 1 at PageID #24; Doc. No. 13 at PageID #610–613.) For instance, Crespo expressly notes that the "foundation of [his] present claim is based on the ineffective assistance of trial counsel," and proceeds to list various examples of the alleged ineffective assistance. (*Id.*) Therefore, because Crespo is a *pro se* litigant and because Crespo raises the issue of ineffective assistance of counsel at various points throughout his pleadings, the Court liberally construes his Petition as asserting a cognizable constitutional claim of ineffective assistance of counsel with respect to his plea and sentencing. Crespo's claim for ineffective assistance of counsel is addressed below.

**B.      Procedural Default**

The Court next turns to whether Crespo's claim for ineffective assistance of counsel is procedurally defaulted. Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where

14

failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).  A claim may become procedurally defaulted in two ways.  *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[10]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.[11]  *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Lundgren*, 440 F.3d at 763; *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.").

---

[10] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin,* 785 F.2d at 135.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39*; Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002).  "To inform this inquiry, we look to the last explained state court judgment." *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018) (internal quotation marks and citations omitted).

[11] This second type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  The AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default, and not exhaustion, bars federal court review. *Id.*  Thus, "[w]hen a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

Respondent asserts that Crespo's Petition is procedurally defaulted because it was filed beyond the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).  (Doc. No. 10 at PageID #65.)  Specifically, Respondent contends that the state appellate court granted his motion to withdraw his appeal on January 17, 2017, and that the statute of limitations thus expired one year later.  (*Id.*)  As Crespo did not file his state post-conviction petition until March 15, 2019 and his federal Petition until June 17, 2022, Respondent asserts that Crespo's claim is time-barred.  (*Id.*)  Finally, Respondent asserts that there is no applicable statutory or equitable tolling that is applicable, and that Crespo has no basis to claim actual innocence because his ineffective assistance of counsel claim stems from mis-advice as to his sentence.  (Doc. No. 10 at PageID #66–67.)  In response, Crespo merely asserts that his Petition is timely filed without further explanation.[12]  (Doc. No. 11 at PageID #558.)  The Magistrate Judge, in his R&R, agreed with Respondent's submissions.  (Doc. No. 12 at PageID #588–93.)

The Court shall address each procedural default argument below.

### 1.    Timeliness of Petition

The Court first evaluates whether Crespo's claim was timely filed.  AEDPA establishes a one-year statute of limitations applicable to petitions for a writ of habeas corpus.  *See* 28 U.S.C. § 2244(d).  AEDPA's statute-of-limitations period runs from the latest of four dates:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[12] Crespo raises various arguments regarding his ineffective assistance of counsel amounting to a manifest injustice and fundamental miscarriage of justice.  However, these arguments do not address the timeliness of Crespo's Petition and instead address exceptions for still considering his Petition notwithstanding its untimeliness.  Accordingly, the Court addresses Crespo's arguments on this point later below.

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Crespo has not alleged any impediments to filing his application, newly recognized constitutional rights by the Supreme Court, or factual claims that could not have been discovered through the exercise of due diligence pursuant to §§ 2244(d)(1)(B)–(D). Accordingly, the operative date is when Crespo's judgment became final as set forth in § 2244(d)(1)(A).

On January 17, 2017, the state appellate court granted Crespo's motion to withdraw his appeal, making his judgment final on that date.  The statute of limitations thus expired one year later, on January 17, 2018.  Crespo did not file his postconviction petitions until well beyond that date— specifically, March 15, 2019, and June 17, 2022, for his state and federal habeas petitions respectively.  Further, this untimeliness was enforced by the state court as an independent and adequate ground to foreclose review of Crespo's claim.  *See Maupin*, 785 F.2d at 138–39.  Therefore, Crespo's petition is time-barred unless tolling or an exception applies.[13]

## 2.    Statutory Tolling

The Court next examines whether statutory tolling can salvage Crespo's otherwise untimely Petition.  AEDPA tolls the one-year limitations period during the time "'a properly filed application

---

[13] Crespo cites to *Harris v. Reed*, 489 U.S. 255, 263 (1989) for the proposition that "a procedural default does not bar consideration of a factual claim on either direct appeal or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on procedural bar." (Doc. No. 11 at PageID #558.) However, the state appellate court directly addressed the issue of procedural default due to untimeliness and found it to be a sufficient basis for barring Crespo's claim.  (Doc. No. 10-1 at PageID #400–02.)  Accordingly, the Court rejects this argument.

17

for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214, 228 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely); *see also Monroe v. Jackson*, 2009 WL 73905, at *2 (S.D. Ohio Jan. 8, 2009), *report and recommendation adopted*, 2009 WL 466379 (S.D. Ohio Feb. 23, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).

Here, statutory tolling is inapplicable. The statute of limitations expired on January 17, 2018, and Crespo's state post-conviction petition was not filed until March 15, 2019—nearly fourteen months after the statute of limitations expired. (Doc. No. 10 at PageID #65.) Thus, the statute of

18

limitations was already expired before Crespo's state post-conviction petition was filed. The state appellate court rejected Crespo's state post-conviction petition for this exact reason, finding that it was not "properly filed" because it was untimely. (Doc. No. 10-1 at PageID #399–402.) Therefore, statutory tolling cannot remedy Crespo's untimely petition. *See Allen*, 552 U.S. at 5; *Vroman*, 346 F.3d at 602.

### 3. Equitable Tolling

The Court next looks to whether equitable tolling is applicable to Crespo's untimely Petition. Although the Petition herein is untimely, the AEDPA statute of limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *see also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011). However, the equitable tolling doctrine is granted by courts only "sparingly." *See Robertson*, 624 F.3d at 784. Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649; *see also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted). The Sixth Circuit has held that

19

excessive delays in filing lack appropriate diligence. *See e.g.*, *Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012); *Vroman,* 346 F.3d at 605 (stating that a court should be "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights"); *Henson v. Warden, London Correctional Inst*., 620 Fed. Appx. 417, 419–21 (6th Cir. 2015).

Here, Crespo asserts no basis for equitable tolling. Crespo filed his state post-conviction petition more than a year after AEDPA's limitation period expired, and filed his federal Petition nearly a year after the denial of his state post-conviction petition became final. (Doc. No. 10 at PageID #65; Doc. No. 10-1 at PageID #445.) He asserts no extraordinary circumstances that stood in his way to prevent his timely filing. *Holland*, 560 U.S. at 649. Nor does he offer any evidence to show that he was pursuing his rights diligently. *Id.*; *see also McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (finding petitioner did not diligently pursue his rights when petitioner offered no reason for waiting eleven months before filing federal petition); *Martin v. Hurley*, 150 Fed. App'x 513, 516–17 (6th Cir. 2005) (similar). Thus, equitable tolling is inapplicable.

### 4. Fundamental Miscarriage of Justice and Actual Innocence

Despite the untimeliness of his Petition, Crespo maintains that his Petition should be considered on its merits. In his Traverse and Objections, Crespo asserts that his ineffective assistance of counsel amounts to a manifest injustice and fundamental miscarriage of justice. (Doc. No. 11 at PageID #557; Doc. No. 13 at PageID #611–12.) Therefore, Crespo contends that his claim should still be addressed notwithstanding the untimeliness of his Petition. (*Id.*) Crespo cites to case law representing that a procedural default does not bar consideration of a factual claim on habeas review "unless the last state court rendering a judgment clearly and expressly states that its judgment rests

on procedural bar." (Doc. No. 1 at PageID #20–21; Doc. No. 11 at PageID #558–59.) Finally, Crespo asserts the "actual innocence" exception to procedural default. (*Id.*)

Respondent maintains that Crespo has failed to demonstrate any cause and actual prejudice sufficient to overcome his procedural defaults. (Doc. No. 10 at PageID #73–76.) With respect to cause, Respondent asserts that nothing in the record indicates that the delay in filing Crespo's Petition was the result of ineffective assistance of counsel or any other objective factor. (Doc. No. 10 at PageID #74.) Respondent further submits that Crespo's *pro se* status or ignorance of law does not constitute cause for a procedural default. (Doc. No. 10 at PageID #75.) As for actual prejudice, Respondent contends that Crespo's voluntary withdrawal of his direct appeal constitutes a bar to review of his habeas complaint. (Doc. No. 10 at PageID #75.) Additionally, Respondent asserts that Crespo's claim of "bad advice" from counsel regarding his sentence is refuted by the sentencing hearing transcript in which Crespo was advised of the possible sentence, and the state appellate court's rejection of Crespo's interpretation of Ohio sentencing law. (Doc. No. 10 at PageID #76.)

Where a petitioner has procedurally defaulted claims, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Demonstrating cause requires a petitioner to show that an "objective factor external to the defense impeded counsel's efforts to comply" with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 830 (6th Cir. 2019). "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage,

infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002) (citing *United States v. Frady,* 456 U.S. 152, 170–71 (1982)); *see also Beuke v. Houk*, 537 F.3d 618, 634 (6th Cir. 2008).

It is well established that ineffective assistance of appellate counsel may serve as "cause" for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, in order for ineffective assistance of appellate counsel to serve as cause and prejudice to excuse a procedural default, a petitioner must also show that his claim of ineffective assistance of appellate counsel itself has merit. *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir.2004) (citing *Edwards*, 529 U.S. at 450–51); *Sulek v. Brunsman,* 2009 WL 1935878, at * 7 (S.D. Ohio June 23, 2009). Indeed, "[t]he Supreme Court has held that a defendant generally must present the claim of ineffective assistance of counsel to the state courts as 'an independent claim before it may be used to establish cause for a procedural default.'" *Scuba v. Brigano*, 527 F.3d 479, 487 (6th Cir. 2007) (quoting *Murray*, 477 U.S. at 488–89 (1986). If a petitioner fails to properly present the ineffective assistance of counsel claim to the state courts, that claim itself is procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards*, 529 U.S. at 450-51.

The Court finds that Crespo has failed to establish cause and prejudice excusing his procedural default. First, Crespo did not pursue any of his arguments on direct appeal. Further, Crespo does not point to any ineffective assistance of counsel as the cause of delay in filing his Petition, which resulted in the procedural default of his claims. Nor does Crespo show that he was prejudiced by the default

22

of any ineffective assistance of counsel claim.  For example, although Crespo argues that his attorney did not explain that he would be receiving nine years of *mandatory* time in his sentence, the hearing transcripts indicate that this was explained on multiple occasions to Crespo at both his plea hearing and sentencing hearing.  (Doc. No. 10-2 at Tr. 10–12, 17–19, 23, 32, 40.)  Similarly, Crespo submits that his counsel was ineffective "by failing to move to suppress the evidence obtained from the search of Crespo's vehicle." (Doc. No. 13 at PageID #602.)  Yet a review of the record shows that numerous motions to suppress were filed by counsel prior to Crespo's plea.[14]  Accordingly, Crespo fails to show cause and prejudice sufficient to excuse his default.

Lastly, Crespo, without any evidentiary support, asserts a claim of actual innocence as a final attempt to overcome his procedural default.  Even if unable to demonstrate cause and prejudice, a habeas petitioner can still "avoid the consequences of a procedural default by demonstrating that review of his claims is needed to prevent a fundamental miscarriage of justice," such as actual innocence.  *McClain v. Kelly*, 613 Fed. App'x 422, 428 n.2 (6th Cir. 2015); *see also Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013).

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386 (2004).  *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  This type of actual innocence claim, sometimes called gateway innocence, "does not by itself provide a basis for relief."  *Schlup*, 513 U.S. at 315.  In other

---

[14] *See supra* notes 4-7.

words, the innocence showing is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).  Thus, a petitioner's showing of a credible claim of innocence allows him to skirt a procedural defect in his claim so that a federal court may address his allegation of constitutional error.  *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018).

"But this innocence gateway is a narrow one." *Davis*, 900 F.3d at 326.  The Supreme Court has cautioned that it "should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (citation and internal quotation marks omitted).  Thus, the exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 395 (alteration in original) (citation and internal quotation marks omitted); *see Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

For a petitioner to establish entitlement to the actual innocence exception, he must support his allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.  *Id*.; *see also Davis,* 900 F.3d at 326; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).  Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Here, Crespo offers no new evidence to support his innocence. Instead, Crespo relies upon the same ineffectiveness of counsel arguments as his previous pleadings. Although Crespo claims actual innocence, he does not indicate what new, reliable evidence supports his innocence. (Doc. No. 11 at PageID #559–63.) The Court has carefully reviewed both the record and the R&R and, upon *de novo* review, agrees with the Magistrate Judge's conclusion that Crespo "cannot satisfy the demanding standard necessary" to support a claim of actual innocence. (Doc. No. 12 at PageID #593.)

Therefore, because statutory tolling, equitable tolling, and the fundamental miscarriage of justice exceptions are all inapplicable, Crespo's Petition is time-barred and cannot be considered.[15]

## V. Conclusion

For the foregoing reasons, Crespo's Objections (Doc. No. 13) are overruled, the Report & Recommendation (Doc. No. 12) is adopted as set forth herein, and the Petition (Doc. No. 1) is denied. In addition, Crespo has not sufficiently demonstrated the need for an evidentiary hearing and his request for the same is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER
Date: January 8, 2025 U. S. DISTRICT JUDGE

---

[15] The Court finds it unnecessary to address the parties' remaining arguments considering Crespo's procedural default.